# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2455

_____

Jerry Yeager,                     *
                                    *

     Plaintiff - Appellant,         *
                                    *     Appeal from the United States
v.                                 *     District Court for the
                                    *     Eastern District of Arkansas.

City Water and Light Plant of      *
Jonesboro, Arkansas,          *
                                    *

     Defendant - Appellee.        *

_____

Submitted: February 17, 2006
Filed: June 30, 2006

_____

Before LOKEN, Chief Judge, LAY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

As Jerry Yeager drove to his job at the City Water and Light Plant of Jonesboro, Arkansas, co-worker Carolyn Schwartz pulled up behind Yeager at a stop light. Yeager left his vehicle, reached in Schwartz's partially open window, and pinched the startled Schwartz on her breast. Schwartz complained about Yeager's inappropriate conduct to Yeager's supervisor, Ron Hannah, and then to Hannah's supervisor, Larry Thompson. When confronted with the complaint, Yeager smiled and said he accidentally pinched Schwartz on the breast. He was forced to resign for violating City Water and Light's sex harassment policy. He brought this action

alleging reverse gender discrimination and now appeals the district court's[1] grant of summary judgment dismissing that claim. We affirm.

Yeager's principal argument in the district court and on appeal is that summary judgment was improper because he presented sufficient evidence showing that his former employer "meted out more lenient treatment" to a similarly situated employee who was not in the protected class, namely, Carolyn Schwartz. Smith v. Allen Health Systems, Inc., 302 F.3d 827, 835 (8th Cir. 2002). In response to City Water and Light's motion for summary judgment, Yeager submitted employee affidavits averring that Schwartz openly and frequently engaged in conduct violating City Water and Light's sex harassment policy, yet Schwartz was never disciplined or even reprimanded for her improper conduct, whereas Yeager was terminated for a single incident of sexually offensive misconduct.

The district court rejected this argument, concluding that Yeager did not prove pretext because he and Schwartz were not similarly situated. Specifically, Yeager admitted the misconduct that prompted an immediate complaint by Schwartz, whereas Schwartz denied the stale accusations of sexually offensive conduct first raised by employees who were protesting Yeager's termination. Reviewing the district court's grant of summary judgment *de novo*, we agree. An employer that promulgates a sex harassment policy may reasonably distinguish between sexually oriented conduct that elicits a complaint from an offended co-worker, and arguably comparable conduct that is nonetheless tolerated by co-workers without complaint. See Morrow v. Wal-Mart Stores, Inc., 152 F.3d 559, 562-63 (7th Cir. 1998). Thus, both the absence of contemporaneous complaints against Schwartz, and the fact that Yeager admitted his misconduct, justified City Water and Light in treating these two employees as not similarly situated from the standpoint of compliance with its sex harassment policy.

---

[1]The HONORABLE J. LEON HOLMES, Chief Judge of the United States District Court for the Eastern District of Arkansas.

In these circumstances, Yeager's claim of reverse discrimination was properly dismissed.

The judgment of the district court is affirmed. Appellee's motion to strike is denied as moot.

_____